IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SARA L. TRESNAK                          *
                                         *
         v.                              *     Civil Case No. WMN-13-3161
                                         *
COMMISSIONER, SOCIAL SECURITY            *
                                         *
*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' dispositive cross-motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment and Ms. Tresnak's reply. (ECF Nos. 16, 18, 22). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that the Commissioner's motion be granted and that Ms. Tresnak's motion be denied.

Ms. Tresnak applied for Supplemental Security Income on October 1, 2007, alleging a disability onset date of January 1, 2007. (Tr. 112-18). Her claim was denied initially on June 12, 2008, and on reconsideration on September 19, 2011.[1] (Tr. 89-91, 72-73). An Administrative Law Judge ("ALJ") held a hearing on December 4, 2012, (Tr. 517-62), and subsequently denied benefits to Ms. Tresnak in a written opinion, (Tr. 13-21). The Appeals Council declined review, (Tr. 6-8), making the ALJ's decision the final, reviewable decision of

---

[1] The record does not clearly reflect the reason for the extensive delay between initial denial and reconsideration, particularly given the fact that Ms. Tresnak originally requested reconsideration in September of 2008. (Tr. 32). However, at one point Ms. Tresnak's attorney alleged that the delay had been caused by processing errors at the agency. (Tr. 102).

the agency.

The ALJ found that Ms. Tresnak suffered from the severe impairments of degenerative disc disease cervical spine post fracture C1 in 2009, degenerative disc disease lumbar spine, major depressive disorder, and anxiety disorder. (Tr. 15). However, the ALJ determined that Ms. Tresnak retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except she requires the option to change position between sitting and standing at will, uses a cane, and is limited to no more than occasional overhead reaching. She can never climb, balance, stoop, kneel, crouch, or crawl. She is limited to simple routine repetitive tasks.

(Tr. 17). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Tresnak could perform jobs existing in significant numbers in the national economy, and that she was not therefore disabled. (Tr. 20-21).

Ms. Tresnak disagrees. She argues generally that the ALJ failed to support her RFC assessment with substantial evidence. That argument lacks merit.

Initially, Ms. Tresnak argues that the ALJ should not have given weight to some of her testimony and rejected other portions of her testimony, particularly her assertion that she is unable to lift 5-10 pounds. Pl. Mot. 8-10. However, the ALJ's decision to be overly cautious and afford Ms. Tresnak "the benefit of the doubt" to impose RFC restrictions that may be unnecessary cannot be construed as a vote of confidence in those aspects of Ms. Tresnak's testimony. (Tr. 19) (citing to evidence of record suggesting that certain limitations were unnecessary, but stating that Ms. Tresnak would be "accorded the benefit of the doubt" by the inclusion of the limitations). The ALJ clearly made an adverse credibility assessment in finding that "the claimant's assertions are not fully supported by objective medical evidence in the record." (Tr. 18). Moreover, the ALJ supported that adverse credibility assessment by citing to medical records showing significant physical activity, records showing that her pain is

reasonably controlled on a medication regimen, and examination records showing normal strength and sensation in her extremities. (Tr. 18). Thus, the ALJ cited substantial evidence to provide underpinnings for her conclusion.

Ms. Tresnak erroneously asserts that the ALJ did not explain her rationale for concluding that Ms. Tresnak could perform the lifting and carrying requirements of light work. However, the ALJ's opinion expressly provides:

> [S]he has normal strength and sensation in her extremities. The August 2011 examination by Dr. Montemayor shows the claimant could occasionally lift 20 pounds and frequently lift 10 pounds . . . A September 2011 residual functional capacity assessment from the state agency shows the claimant could occasionally lift 20 pounds, frequently lift 10 pounds . . . This is based on the evidence of record and the expertise of the medical consultant. Later received evidence does not show greater exertional limitations. Such limitations are consistent with a capacity for light work.

(Tr. 18-19). While Ms. Tresnak appears to argue that the ALJ has to provide a more complete evaluation of each report in order to rely upon it, there is no requirement that the ALJ discuss each detail of each report in her opinion. *See, e.g., Reid v. Comm'r of Soc. Sec.,* No. 13-1480, 2014 WL 4555249, at *3, 4 (4th Cir. Sept. 16, 2014) (citations omitted) (noting that, "absent evidence to the contrary," the Court can rely upon the ALJ's representation that the entire record has been considered). The ALJ's analysis provides sufficient information as to the evidentiary basis for her conclusions and permits this Court to assess whether the ALJ appropriately considered all of the evidence in the record. Accordingly, remand is unwarranted.[2]

Finally, Ms. Tresnak suggests that various medical records, including the opinion of Dr. Montemayor and the records from Ms. Tresnak's treating pain management doctors at Rosen and Hoffberg, suggest that she would be unable to sit, stand, walk, and lift for prolonged periods of time. However, the ALJ accounted for those restrictions by including "the option to change

---

[2] Moreover, any error on this point would be harmless, since one of the jobs identified by the VE is sedentary, meaning that it "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 CFR 404.1567(a); (Tr. 20).

3

position between sitting and standing at will" in the RFC assessment.  (Tr. 17).  While Ms. Tresnak speculates that the ALJ may not have considered the treatment notes from Rosen and Hoffberg, in fact the ALJ relies on those clinical records at several points throughout her opinion.  *See* (Tr. 18-19).  Essentially, the ALJ's opinion reflects that she reviewed the entire record and cited to substantial evidence to support the conclusions she drew.

 CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1.  the Court GRANT Defendant's Motion for Summary Judgment (ECF No. 18); and

2.  the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 16) and CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  December 3, 2014                              /s/
                                            Stephanie A. Gallagher
                                            United States Magistrate Judge